682 A.2d 1246

COURT OF COMMON PLEAS OF ERIE COUNTY,
PENNSYLVANIA (6TH JUDICIAL DISTRICT),
JUVENILE PROBATION DEPARTMENT,

v.

PENNSYLVANIA HUMAN RELATIONS COMMISSION
and Gary Ison (Real Party in Interest),

Appeal of PENNSYLVANIA HUMAN
RELATIONS COMMISSION.

Supreme Court of Pennsylvania.

Argued March 5, 1996.

Decided Sept. 17, 1996.

Diane Blancett-Maddock, for PA Human Relations Commission.

Rebecca Humphrey, for Juvenile Probation Department.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## *OPINION*

NIGRO, Justice.

The Pennsylvania Human Relations Commission ("PHRC") appeals a Commonwealth Court Order that precludes it from adjudicating a complaint based on lack of jurisdiction. We granted the PHRC's petition for allowance of appeal to address whether the separation of powers doctrine prohibits the PHRC from deciding a discrimination claim filed by a juvenile probation officer employed by the Court of Common Pleas. We find that the PHRC is prohibited from adjudicating such a claim and affirm the decision of the Commonwealth Court.

Gary Ison was a juvenile probation officer for the Erie County Court of Common Pleas. In 1992, the Chief Probation Officer fired Ison after he allegedly made sexual advances towards a probationer's mother. Ison filed a complaint against the Erie County Court of Common Pleas with the PHRC charging that he was fired on account of his race in violation of the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951–963.

The Court of Common Pleas moved to dismiss Ison's complaint asserting that the PHRC lacked jurisdiction because the Common Pleas Court has sole discretion in firing its employees under the separation of powers doctrine. The PHRC denied the motion to dismiss and certified the jurisdictional issue for appeal.

The Commonwealth Court, in a 4–3 decision, reversed the PHRC and held that under the separation of powers doctrine, the PHRC cannot interfere with the judicial function of discharging court personnel. Each writing separately, the dissenting members of the court disagreed for different reasons including that the majority's decision allowed for no exceptions, that the PHRC may hear complaints about non-judges who discriminate against court employees, and that employees do not give up statutory rights by working for the judiciary.

■ Under the separation of powers doctrine, the legislature may not exercise any power specifically entrusted to the judiciary. *Kremer v. State Ethics Comm'n*, 503 Pa. 358, 361, 469 A.2d 593, 595 (1983). The Pennsylvania Constitution affords the Supreme Court supervisory and administrative authority over all state courts. Pa. Const. art. V, § 10(a). The Constitution provides:

The Supreme Court shall have the power to prescribe general rules governing practice, procedure, and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, ..., and the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute or limitation or repose.

*Id.* § 10(c). We have thus stated that legislation infringing upon this Court's authority over Pennsylvania courts is invalid. *Kremer*, 503 Pa. at 362, 469 A.2d at 595. In *Kremer*, for

example, a judge challenged the applicability of financial disclosure requirements contained in the Ethics Law to judges. 503 Pa. at 360, 469 A.2d at 594. We decided that applying the statute to judges unconstitutionally infringed upon our power to supervise the courts. 503 Pa. at 363, 469 A.2d at 596.

With respect to firing employees, we have stated that the separation of powers doctrine requires that judges retain the authority to select, discharge and supervise court employees. In *Bradley v. Pa. Labor Relations Bd.*, 479 Pa. 440, 447–48, 388 A.2d 736, 739–40 (1978), we held that court reporters may collectively bargain their financial terms of employment under the Public Employee Relations Act, 43 Pa. Cons.Stat. §§ 1101.101–1101.2301 ("PERA"). We found that collective bargaining does not impair the independence of the judiciary as long as judges retain the authority to hire, fire and supervise court personnel. *Id.*

Similarly, in *Ellenbogen v. County of Allegheny*, 479 Pa. 429, 438, 388 A.2d 730, 735 (1978), we held that county commissioners, rather than judges, are the exclusive representatives of management in proceedings and collective bargaining involving court employees paid from county funds. Having county commissioners represent management does not violate the separation of powers doctrine because judges retain the authority to hire, fire and supervise court employees. *Id.*

Following *Bradley* and *Ellenbogen*, the Commonwealth Court has held that a collective bargaining agreement under PERA cannot provide that a non-judicial government agency will review a court employee's discharge. *Beckert v. American Federation of State, Cty. and Municipal Employees*, 56 Pa.Commw. 572, 584, 425 A.2d 859, 864 (1981), *aff'd*, 501 Pa. 70, 459 A.2d 756 (1983). In *Beckert*, the Pennsylvania Labor Relations Board assumed jurisdiction over an unfair labor practice charge against judges who allegedly bargained in bad faith with respect to an employee's discharge. 56 Pa.Commw. at 576–78, 425 A.2d at 860–61. A judge sought to enjoin the Board from exercising jurisdiction because the employee's discharge was solely within the province of the judiciary. *Id.*

The court agreed finding that the Board's review of the employee's dismissal pursuant to the collective bargaining agreement encroached upon the judiciary's power to hire and fire court employees. 56 Pa.Commw. at 583–84, 425 A.2d at 863–64.[1]

■ We have not addressed the separation of powers doctrine in the context of a court employee claiming discrimination under the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951–963 ("PHRA"). The PHRA governs racial, religious, gender and other discrimination claims against private and public employers. *Id.* § 955. The Commonwealth Court has held that the PHRC may require a court to equalize pay in a gender discrimination suit under the PHRA without violating the separation of powers doctrine. *County of Allegheny v. Wilcox,* 76 Pa.Commw. 584, 593, 465 A.2d 47, 52 (1983), *appeal dismissed,* 507 Pa. 66, 488 A.2d 277 (1985). In *Wilcox,* the court found no constitutional violation because the PHRC did not direct the court to hire or fire anyone and thus did not encroach upon the court's independence. *Id.*

The present case, unlike *Wilcox,* implicates a court's power to discharge its personnel. In order to carry out the duties delegated to the judiciary by the Constitution, the courts must retain the authority to select the people who are needed to serve in judicial proceedings and to assist judges in performing their judicial functions. *Sweet v. Pa. Labor Relations Bd.,* 457 Pa. 456, 462–63, 322 A.2d 362, 365 (1974). By reviewing court personnel decisions, the PHRC would encroach upon this authority. The separation of powers doctrine thus prohibits the PHRC from hearing a discharged court employee's claim. Otherwise, the PHRC could potentially reinstate an employee terminated by the judiciary. *See* 43 Pa. Stat. § 959(f)(affording PHRC power to order reinstatement of employee).

1. *See also Eshelman v. Comm'rs of Berks Cty.,* 62 Pa.Commw. 310, 436 A.2d 710 (1981)(arbitrator's award governing hiring, supervision and discharge of court employees was unconstitutional under separation of powers doctrine), *aff'd,* 502 Pa. 430, 466 A.2d 1029 (1983).

The PHRC argues that adjudicating Ison's claim would not violate the separation of powers doctrine because Ison is not a "confidential" employee. We disagree. While PERA distinguishes between confidential and non-confidential employees for the purpose of collective bargaining, the rationale for the distinction does not apply here.

PERA defines a confidential employee as:

any employe who works: (i) in the personnel offices of a public employer and has access to information subject to use by the public employer in collective bargaining; or (ii) in a close continuing relationship with public officers or representatives associated with collective bargaining on behalf of the employer.

43 Pa. Cons.Stat. § 1101.301(13). Because judges participate on committees that formulate labor policy, *Gallas v. Pa. Labor Relations Bd.*, 161 Pa.Commw. 97, 109–10, 636 A.2d 253, 259–60 (1993), employees who work closely with them may have access to information subject to use in collective bargaining. Thus, PERA excludes these confidential employees from collective bargaining. *See* 43 Pa. Cons.Stat. §§ 1101.101, 1101.301(2). Non-confidential court employees may collectively bargain under PERA because such employees do not have access to information subject to use in collective bargaining.[2]

As implicitly recognized by the legislature, which did not distinguish confidential and non-confidential employees under the PHRA like it did under PERA, there is no reason to create such a distinction for the purpose of discrimination claims. By adjudicating the claims of any discharged court employee, the PHRC violates the separation of powers by

2.  Because of a confidential employee's access to information, in *Gallas*, the court correctly held that a judge's personal staff may not collectively bargain its financial terms of employment. *Gallas*, 161 Pa.Commw. at 113–14, 636 A.2d at 261–62. We disagree, however, with the court's reasoning in *Gallas* that collective bargaining by confidential employees violates the separation of powers. *Id.* In *Bradley*, 479 Pa. at 447, 388 A.2d at 739, we explained that collective bargaining, which addresses wages and other terms of employment, does not impair judges' authority to select, discharge and supervise court personnel.

encroaching upon the judiciary's authority to select its personnel.

Contrary to the dissenting opinion below, court employees who are discriminated against are not without recourse. After the PHRC dismisses their claims for lack of jurisdiction, such employees may file actions in the court of common pleas based on the rights granted by the PHRA. *See* 43 Pa. Stat. § 962(c)(1). Court employees may also file civil rights actions under 42 U.S.C. § 2000e. We thus hold that the PHRC may not adjudicate Ison's claims and affirm the decision of the Commonwealth Court.

NIX, Former C.J., and NEWMAN, J., did not participate in the consideration or decision of this case.

CAPPY, J., files a concurring opinion.

ZAPPALA, J., files a dissenting opinion.

CAPPY, Justice, concurring.

I join in the opinion of the majority. However, I am compelled to write in order to disassociate myself from footnote 2 of the majority opinion. (Op. at 1249).

ZAPPALA, Justice, dissenting.

I dissent. The majority apparently holds that the Pennsylvania Human Relations Act may not constitutionally be applied to the judiciary as an employer in any circumstance. This result is said to be necessary to protect the independence of the judicial branch, specifically the power to hire, fire, and supervise court personnel. In my view this ruling sweeps far too broadly.

Consistent with the presumption that the General Assembly does not intend to violate the federal or state constitution, 1 Pa.C.S. § 1922(3), the Court should undertake to construe a statute so as to sustain its validity if at all possible. See *Hughes v. Commonwealth, Department of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987); *Tracy v. County of Chester, Tax Claim Bureau,* 507 Pa. 288, 489 A.2d 1334 (1985). At

least two such interpretations are readily apparent in this case. First, the Act could be held applicable to the actions of all personnel of the court system except judges. Second, the Act could be construed to violate the separation of powers only to the extent that a remedy (e.g., reinstatement) would arguably impinge on the power to hire, fire, and supervise court personnel.

In failing to explicitly overrule *County of Allegheny v. Wilcox*, 76 Pa.Cmwlth. 584, 465 A.2d 47 (1983), the majority exposes the weakness of its analysis. If the Commission may not constitutionally exercise jurisdiction over the judiciary, then *Wilcox* was wrongly decided and must be overruled. It cannot be distinguished on the grounds that the remedy ordered by the Commission in that case "did not direct the court to hire or fire anyone and thus did not encroach upon the court's independence." Opinion at 1248. On the other hand, if *Wilcox* is not overruled, then the majority implicitly concedes that to some extent the Commission does have jurisdiction to review complaints involving the courts as employers. The question then becomes to what extent the constitutionally based separation of powers doctrine imposes limitations on that jurisdiction. The answer to this question depends on the circumstances of each case, but the presumption must be in favor of applying the Act unless to do so would clearly, palpably, and plainly violate the constitution. The burden of proof is on the party asserting that the Act may not constitutionally be applied, and on the present record I would not find that burden met so as to require dismissal of the complaint.