727 A.2d 1110

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA, Appellee,

v.

The PENNSYLVANIA HUMAN RELATIONS
COMMISSION, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 20, 1998.

Decided April 23, 1999.

Elisabeth S. Shuster, Manheim, Pamella Darville, Philadelphia, for PA Human Relations Com'n.

David Donaldson, A. Taylor Williams, Philadelphia, for First Judicial Dist. of PA.

Paul J. Hetznecker, for Christine M. Harkins-Hosay (Complainant).

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

This case was initiated by the filing of a complaint alleging sexual harassment with the Pennsylvania Human Relations Commission (the commission) against the First Judicial District Adult Probation Department (the appellee). The complainant, an employee of the appellee, alleged that she was sexually harassed by a co-worker, and that the perpetrator was suspended for thirty days and assigned to a different location. This did not resolve the matter to the complainant's satisfaction, however, because, as she further alleged in her complaint, it was unclear whether the suspension and reassignment were related to the alleged sexual harassment and because the appellee failed to "clearly condemn" the actions alleged.

The appellee filed a motion to dismiss the complaint before the commission for lack of jurisdiction under the separation of powers doctrine and recent caselaw. The complainant responded by stating that "what she [seeks] through policy changes is a system that would reprimand, discipline and/or mandate dismissal in cases of sexual harassment where it is warranted." R.R. at 19.

The commission issued an interlocutory order which ruled that it had jurisdiction over the judiciary in this case. Upon request of the appellee, the commission amended its order to allow for an interlocutory appeal by permission.

The Commonwealth Court granted the appellee's request to appeal by permission. The Commonwealth Court noted that although it had earlier held in *County of Allegheny v. Wilcox*, 76 Pa.Cmwlth. 584, 465 A.2d 47 (1983), that the commission was authorized to require a court to implement certain terms and conditions of employment, the commission was without jurisdiction when the matters complained of involved the supervisory powers of the judiciary. In those cases, the Commonwealth Court stated, "it has been consistently held that the separation of powers doctrine deprives the Commission of jurisdiction to hear the merits of the underlying complaint." *First Judicial District v. PHRC*, 702 A.2d 592, 593 (Pa.Cmwlth.1997), citing *County of Allegheny v. Wilcox*, 76 Pa.Cmwlth. 584, 465 A.2d 47 (1983), appeal dismissed, 507 Pa. 66, 488 A.2d 277 (1985). The Commonwealth Court went on to observe that "when a complainant requests the Commission to direct the judiciary to institute a policy regarding a hostile work environment and addressing the discipline imposed for sexual harassment in the workplace, the remedy sought implicates the supervisory function of the judiciary." *Id.* The Commonwealth Court held, therefore, that the commission was without jurisdiction to hear the merits of the complaint.

We granted the commission's petition for allowance of appeal in order to resolve the question of whether the commission has jurisdiction to investigate and adjudicate complaints filed against the judicial branch of government.

The main thrust of the commission's argument is that its jurisdiction is properly tested by whether it has authority to enter upon the inquiry, not whether it is able to grant relief; that it has statutory authority to decide questions of its own jurisdiction; and that it has statutory authority to investigate and remedy employment matters not related to the hiring, firing and discipline of court employees.

The appellee's argument, in essence, is that the separation of powers doctrine precludes the commission's investigation and determination of jurisdiction.

The Pennsylvania Constitution provides:

The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, and for admission to the bar and to practice law, and the administration of all courts and supervision of all officers of the Judicial Branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace, nor suspend nor alter any statute of limitation or repose. All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions.

Art. V, Section 10(c). In pertinent part, this provision grants the supreme court "the power ... to provide for ... the administration of all courts and supervision of all officers of the judicial branch."

The commission was established by the Pennsylvania Human Relations Act, 43 Pa.Stat. §§ 951–963, within the Governor's Office. Among its purposes are receiving complaints which allege violations of the Human Relations Act, investigating those complaints, formulating remedies in the event probable cause to credit the allegations of the complaint is determined, conducting hearings, and enforcing its orders.

█ The purpose of the commission's involvement in this case, as stated in the complaint itself, is to investigate the appellee's handling of the alleged misconduct and to impose a policy change which would affect all employees of the court. But whether or not the commission would attempt to impose this remedy, its activity would necessarily involve some measure of directing the appellee to act or not to act in a personnel matter, and its activity could include requiring court officials to produce records and documents, answer interrogatories, permit investigative interviews, and appear before the

commission or its hearing officers in the context of a hearing. Such interference in the operation of courts is prohibited by the separation of powers doctrine.[1]  The supreme court has the sole power and the responsibility to supervise the "practice, procedure, and the conduct of all courts."  Neither the legislative branch nor the executive branch of government acting through an administrative agency may constitutionally infringe on this judicial prerogative.

In *Court of Common Pleas of Erie County v. PHRC*, 546 Pa. 4, 682 A.2d 1246 (1996), this court held that "in order to carry out the duties delegated to the judiciary by the Constitution, the courts must retain the authority to select the people who are needed to serve in judicial proceedings and to assist judges in performing their judicial duties."  682 A.2d at 1248.  In that case, the commission sought to assert jurisdiction over the Court of Common Pleas of Erie County in a complaint alleging that a court employee was fired because of his race.  Although we held that the commission had no jurisdiction in such a case because of the separation of powers doctrine, we did not reject the rationale *County of Allegheny v. Wilcox*, 76 Pa.Cmwlth. 584, 465 A.2d 47 (1983), wherein the Commonwealth Court had held that the commission may require a court to equalize pay in a gender discrimination suit under the Human Relations Act without violating the separation of powers doctrine.  Thus, the state of the law concerning the commission's jurisdiction following *Erie v. PHRC* could be summarized as allowing the commission's involvement in some aspects of court personnel policies and practices, but not others.  In order to discover whether a particular involvement was acceptable, the matter would have to be adjudicated to determine whether it was impermissibly invasive under the constitution.  We now reject this view.  Further, we hold that the commission has no jurisdiction, because of the separation

1.  "Under the separation of powers doctrine, the legislature may not exercise any power specifically entrusted to the judiciary." *Court of Common Pleas of Erie v. PHRC*, 546 Pa. 4, 682 A.2d 1246, 1247 (1996), citing *Kremer v. State Ethics Comm'n*, 503 Pa. 358, 469 A.2d 593, 595 (1983).

of powers doctrine, to adjudicate any complaints against the judicial branch.

This holding is only a logical extension of the holding in *Erie v. PHRC* that "the separation of powers doctrine requires that judges retain the authority to select, discharge and supervise court employees." 682 A.2d at 1247, citing *Bradley v. Pa. Labor Relations Bd.*, 479 Pa. 440, 388 A.2d 736 (1978). It is self-evident that if the commission imposed methods of employee selection or supervision or discharge, or directed that certain working conditions rather than others must apply, judges would have lost the power to control these aspects of the operation of the courts. The fundamental error in *Wilcox* was not recognizing that a non-judicial agency's involvement in running the courts can never survive constitutional scrutiny, for no matter how innocuous the involvement may seem, the fact remains that if an agency of the executive branch instructs a court on its employment policies, of necessity, the courts themselves are not supervising their operations.

Affirmed.[2]

Justice ZAPPALA concurs in the result.

---

**2.** Because of our disposition of this case, we do not address the commission's claims directly, and we express no opinion as to the continued viability of the holding in *Pennsylvania Human Relations Commission v. Lansdowne Swim Club*, 515 Pa. 1, 526 A.2d 758 (1987) that the commission "need not prove that it has jurisdiction as a condition precedent to judicial enforcement of an administrative subpoena." 526 A.2d at 763.