IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia District Attorney's    :
Office,    :
         Appellant    :
    :  No.  1952 C.D. 2016
       v.    :
    :  Submitted:  April 21, 2017
Gregory Stover    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH           FILED:  September 12, 2017


      The Philadelphia District Attorney's Office (District Attorney) appeals from the October 20, 2016 order of the Court of Common Pleas of Philadelphia County (trial court), which affirmed the decision of the Office of Open Records (OOR) compelling the District Attorney to provide records responsive to a request by Gregory Stover (Requester) for documents related to his conviction pursuant to the Right-to-Know Law (RTKL).[1]  Consistent with precedent, we conclude that the requested records seek "judicial records," or, stated differently, "records of a judicial

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

agency," *see Grine v. County of Centre*, 138 A.3d 88, 97 (Pa. Cmwlth. 2016) (en banc),[2] and because such records are not disclosable under the RTKL, we reverse.

## Background

Requester is presently incarcerated at the State Correctional Institution at Graterford. On August 9, 2015, he requested the following documents from the District Attorney under the RTKL: (1) "Order of Conviction, dated November 6, 1987;" (2) "Order of Sentence, dated November 21, 1988;" and (3) "DC-300B Court Commitment Form, dated November 21, 1988." (Trial court op. at 1.) On August 24, 2015, the District Attorney denied the request, claiming that the records were nonfinancial "judicial records" and thus not subject to disclosure under the RTKL.

On September 3, 2015, Requester filed an appeal to the OOR. The OOR granted the appeal on October 5, 2015, and directed the District Attorney to comply with the request. In doing so, the OOR concluded that it had jurisdiction over the matter because the request was directed toward the District Attorney, which is a local agency, as opposed to a judicial agency, for purposes of the RTKL. Without determining whether the requested documents were, in fact, "judicial records," the OOR offered the following rationale to support its decision:

> While the [District Attorney] argues that the requested records are judicial records that are not subject to the RTKL, the [District Attorney] does not deny that the requested records are within its possession, custody, or control. Accordingly, the [District Attorney] has not met its

---

[2] The term "judicial records" is not defined in the RTKL and is used in a few other statutory and common law contexts. To avoid confusion and maintain consistency with RTKL terminology, this Court in *Grine* substituted the term with the phrase, "records of a judicial agency." *Grine*, 138 A.3d at 97. For purposes of this case, which does not contain the complicated procedural and technical aspects of *Grine*, we use the two denotations interchangeably.

2

burden of demonstrating that the records are exempt under
the RTKL or are otherwise protected from disclosure. In
the absence of such evidence, the [District Attorney] has
failed to meet its burden of proof under the RTKL.

(Reproduced Record (R.R.) at 16.)

The District Attorney appealed the OOR's determination to the trial court. By order dated October 20, 2016, the trial court affirmed based upon reasoning that mirrored that of the OOR.

## Discussion

### The OOR had Jurisdiction over Requester's Appeal

On appeal to this Court,[3] the District Attorney first argues that the requested records are not subject to disclosure because the OOR lacked jurisdiction to entertain Requester's appeal. More specifically, the District Attorney contends that the OOR lacked jurisdiction over the records at issue on the basis that those records are nonfinancial records of a judicial agency.

The trial court, finding that the OOR possessed jurisdiction over this matter, succinctly reasoned that Requester "did not request the records from a judicial agency. He requested them from the [District Attorney] . . . . The [District Attorney] is a local agency under the RTKL and therefore is under the jurisdiction of the OOR[.]" (Trial court op. at 2-3.) We agree.

At the outset, we reiterate the legal principle that the OOR, like all other tribunals and courts, is *per se* vested with jurisdiction to initially determine whether it has jurisdiction. *Cf. In re Estate of Stricker*, 977 A.2d 1115, 1117 n.1 (Pa. 2009) ("A

---

[3] Our standard of review "is whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Our scope of review is plenary." *Silver v. Borough of Wilkinsburg*, 58 A.3d 125, 127 n.2 (Pa. Cmwlth. 2012).

3

court always has jurisdiction to decide questions of its own jurisdiction."). Pursuant to the RTKL, the OOR does not have jurisdiction to hear appeals taken from determinations of a judicial agency, *Frazier v. Philadelphia County Office of Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012), because this type of agency has its own appeals officer and appeal procedure, which does not include the OOR. *See* section 503(b) of the RTKL, 65 P.S. §67.503(b). Unlike the appeal hierarchy for a local agency, which begins with the OOR, then proceeds to a trial court, and eventually progresses to this Court, the RTKL creates an appeal from a judicial agency's appeals officer directly to this Court, conferring upon us jurisdiction over such matters while bypassing the other tribunals. *See Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183, 1185-86 (Pa. Cmwlth. 2015); section 1302(a) of the RTKL, 65 P.S. §67.1302(a).[4] However, we have held that a district attorney's office is not a judicial agency, *Miller v. County of Centre*, 135 A.3d 233, 238-39 (Pa. Cmwlth. 2016) (en banc), *appeal granted*, (Pa., No. 98 MAP 2016, October 5, 2016), and by default the district attorney's office must be a local agency. Further, albeit in the context of government/sovereign immunity law, this Court has analyzed the pertinent constitutional and statutory provisions and concluded that the district attorney is part and parcel of a local agency, *i.e.*, the county, *Pettit v. Namie*, 931 A.2d 790, 797-98 (Pa. Cmwlth. 2007).

The RTKL explicitly grants the OOR with jurisdiction to review decisions of local agencies, *see* sections 503(a)(2) and 1310(a)(5) of the RTKL, 65 P.S. §§67.503(a)(2), 67.1310(a)(5), and the District Attorney is a local agency.

---

[4] These appeal procedures discount the possibility of discretionary review by our Supreme Court.

4

Therefore, we conclude that the OOR possessed jurisdiction to entertain Requester's first appeal from the District Attorney's denial of his request.

Moreover, in *Commonwealth v. Center Township*, 95 A.3d 354 (Pa. Cmwlth. 2014) (en banc), this Court made clear that the OOR possesses jurisdiction to review appeals of decisions by local agencies that are in possession of records that arguably encroach upon the judicial power of our Supreme Court to regulate the conduct of attorneys. We concluded that the OOR maintains this jurisdiction "even though the OOR ultimately lacks the power or authority, for whatever reason, to order the disclosure of documents." *Id.* at 362-63. Consequently, the fact that the OOR has jurisdiction to decide this controversy does not determine whether the OOR has the legal authority to grant Requester's request, for the issues are separate and distinct.

**The Records are Exempt from Disclosure as Records of a Judicial Agency**

Next, the District Attorney argues that the requested records are not disclosable because they are "judicial records" and, thus, are exempt from disclosure under the RTKL. The District Attorney contends that, although it may have copies of the documents Requester seeks, these documents are non-disclosable judicial records that originate from and are created by a judicial agency. According to the District Attorney, the documents remain judicial records no matter whom or what entity possesses them.

The trial court determined that the requested records were disclosable, reasoning:

> The [District Attorney] has not alleged, for example, that the office does not have the records or that they are not public. Indeed, were [Requester] not incarcerated, he could access the public files that he seeks concerning his own case

5

as could any other member of the public . . . . The [trial court] finds the public interest of individuals to gain information regarding their own convictions extremely compelling. Therefore, [the trial court] holds that to comport with the stated purpose of the RTKL, the final determination of the OOR is affirmed.

(Trial court op. at 4-5.) Like the OOR, the trial court failed to engage in the pertinent analysis and did not determine whether the requested records are "judicial records."

The quintessential issue in this case is whether the requested records, namely the Order of Conviction, Order of Sentencing, and Commitment Form, are records "of" the District Attorney (a local agency) or records "of" the court of common pleas (a judicial agency). *See* section 102 of the RTKL, 65 P.S. §67.102 (defining "record"). If the records are the former, they are disclosable; if the latter, they are not.

"In discerning whether records qualify as records 'of' a particular agency, we consider the subject-matter of the records. The location of the record or an agency's possession does not guarantee that a record is accessible to the public; rather, the character of the record controls." *Grine*, 138 A.3d at 94-95 (citations omitted). "[A] record qualifies as 'of' an agency when that record documents a transaction or activity of the agency. 'Documents' means proves, supports [or] evidences." *Id.* at 94 (citations and some internal quotation marks omitted).

Pursuant to the RTKL, a "judicial agency" is defined as "[a] court of the Commonwealth or any other entity or office of the unified judicial system." Section 102 of the RTKL, 65 P.S. §67.102. "[T]he RTKL offers limited access restricted by its terms to a defined type of records of judicial agencies. Thus, unlike records of Commonwealth or local agencies, where *all* records in their possession are presumed public, only 'financial records' of judicial agencies are accessible through the RTKL." *Faulk*, 116 A.3d at 1187 (Pa. Cmwlth. 2015). To be sure, section 304 of the

6

RTKL, 65 P.S. §67.304, provides that the records of a judicial agency are disclosable only to the extent that they are "financial records." *Court of Common Pleas of Lackawanna County v. Office of Open Records*, 2 A.3d 810, 813 (Pa. Cmwlth. 2010).

This Court has held that a sentencing order is a record "of" the judiciary and, as such, it is not disclosable under the RTKL. *Faulk*, 116 A.3d at 1188; *Linton v. Office of Open Records (Philadelphia Clerk of Courts)* (Pa. Cmwlth., No. 1696 C.D. 2014, filed May 14, 2015) (unreported), slip op. at 3-4. The fact that the District Attorney may possesses – or readily obtain – a copy of the sentencing order in no way transforms the record of a judicial agency into a record of a local agency. *See Grine*, 138 A.3d at 97. Were this Court to conclude otherwise, "every record ever generated by a County court [of common pleas], including the draft opinions and law clerk memorandums, would be accessible through the RTKL simply by submitting the request to the County instead, an absurd result that would make [s]ection 304 of the RTKL meaningless." *Lackawanna*, 2 A.3d at 813.

Moreover, if a court's sentencing order is a record of a judicial agency, then so must be a court's order memorializing a defendant's conviction and/or judgment. In both instances, the character and subject matter of the requested records evidence the duty and power of the court while acting as a judicial agency, and the orders document activities that are solely and uniquely vested in and committed to the judicial branch of government. *See also Commonwealth ex rel. Stedman v. Duncan*, __ A.3d. __ (Pa., No. 142 MM 2016, filed February 10, 2017) (per curiam order) (denying district attorney's writ of mandamus seeking to compel a magisterial district judge to enter guilty verdicts in a criminal case); *Commonwealth ex rel. Johnson v. Halloway*, 42 Pa. 446, 448 (1862) (reiterating that "[t]he trial, conviction, and sentencing of criminals are judicial duties."). Regarding the requested Commitment

Form, our General Assembly has directed the court of common pleas to create and issue these forms as part of its judicial functions in sentencing a defendant to a particular place of confinement. See section 9764(b)(5)(iv) of the Judicial Code, 42 Pa.C.S. §9764(b)(5)(iv). Consequently, this requested record, too, is one "of" a judicial agency.

It is solely the activity and business of the court of common pleas to create and issue orders related to a defendant's conviction and sentence. We conclude, accordingly, the trial court erred in affirming the OOR and ordering the District Attorney to release records of a judicial agency.[5] Our holding is limited to the situation where the requested records are court orders. We do not address, or make any suggestion as to the proper result, when a requester seeks legal documents that a district attorney's office creates and files in court.

While the Court recognizes the public policy arguments advanced by the trial court, and the OOR and the American Civil Liberties Union of Pennsylvania in their amicus briefs,[6] we do not have the power to rewrite the RTKL to create access to judicial records that the RTKL prohibits from disclosure. We note, however, that "[t]he RTKL is not the sole mechanism for obtaining records from judicial agencies." *Faulk*, 116 A.3d at 1177. In fact, there are other available avenues through which a defendant has a right to obtain orders entered by the trial court in connection with

---

[5] While the RTKL request was not submitted to the trial court directly, the requested records, on their face, clearly implicate the activities of a judicial agency, and the clerk of courts, the trial court, or a representative most likely should have been provided with notice of the action and/or required to intervene as an indispensable party. We need not say any more on this matter, however. Due to the fact that the judicial agency's interests are not adversely affected and the judicial agency has not been aggrieved as a result of disposition, any concerns on these points are rendered moot.

[6] The District Attorney has filed a motion to strike this brief. We deny the motion.

8

his/her criminal case, *see* Pa.R.Crim.P. 113(a); *Commonwealth v. Long*, 922 A.2d 892, 898 (Pa. 2007), and the form of actions in our civil system regarding equitable and/or mandamus relief are sufficient to ensure that a defendant acquires possession of such orders.

**Conclusion**

For the above-stated reasons, we conclude that the trial court correctly determined that the OOR possessed jurisdiction to decide this case on the merits. However, we conclude that the trial court erred in affirming the OOR and ordering the District Attorney to provide Requester with court orders because these documents are exempt from disclosure under the RTKL as records of a judicial agency.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Cosgrove concurs in result only.

9

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia District Attorney's     :
Office,     :
           Appellant     :
    :   No. 1952 C.D. 2016
        v.     :
    :
Gregory Stover     :

### *ORDER*

AND NOW, this 12th day of September, 2017, the October 20, 2016 order of the Court of Common Pleas of Philadelphia County is hereby reversed. The motion of the Philadelphia District Attorney's Office to strike the amicus curiae brief of the Office of Open Records and the American Civil Liberties Union of Pennsylvania is denied.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge