IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Magee,                          :
                    Appellant         :
                                      :    No.  754 C.D. 2016
            v.                        :
                                      :    Submitted:  August 3, 2018
Philadelphia District Attorney's      :
Office                                :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED:  September 13, 2018


            James Magee (Requester) appeals from the March 13, 2016 order of the
Court of Common Pleas of Philadelphia County (trial court), which reversed the final
determination of the Office of Open Records (OOR) directing the Philadelphia District
Attorney's Office (DA) to provide Requester with the requested records.

            The following facts are undisputed.  On January 13, 2015, Requester, an
inmate at the State Correctional Institution-Dallas, filed a request with the DA for
transcripts of several proceedings that occurred in 1993 before the Honorable Arthur
S. Kafrissen.  On January 18, 2015, the DA denied the request, stating that the requested
records constituted judicial records that were not subject to the Right-to-Know Law
(RTKL).[1]  Requester filed an appeal with the OOR.  The OOR invited the parties to

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

supplement the record and directed the DA to notify any third parties of their ability to participate in the appeal. Neither party supplemented the record.

By final determination issued March 6, 2015, the OOR granted Requester's appeal and directed the DA to provide Requester with the requested records within 30 days. The OOR rejected the DA's assertion that the requested records were judicial records not subject to the RTKL and, thus, Requester's appeal should be dismissed for lack of jurisdiction. The OOR acknowledged that it did not have jurisdiction over appeals related to record requests directed to judicial agencies. *See* Section 503(b) of the RTKL, 65 P.S. §67.503(b).[2] However, the OOR indicated that it does have jurisdiction over appeals related to requests for records in the possession of local agencies, even when those records may have been created by, or filed with, a judicial agency. Because the DA had possession of the records requested by Requester, the OOR concluded that it had jurisdiction to hear the appeal. Further, because the DA failed to submit any evidence demonstrating that the requested transcripts were exempt from disclosure, the OOR granted Requester's appeal and directed the DA to provide Requester with copies of all responsive records.

The DA thereafter filed an appeal with the trial court. By order dated March 13, 2016, the trial court reversed the OOR's final determination. The trial court then directed, and Requester filed, a concise statement of errors complained of on appeal. On July 15, 2016, the trial court issued an opinion in support of its order. The trial court explained that a court reporter was an employee of a judicial agency and was defined under the Pennsylvania Rules of Judicial Administration (Pa.R.J.A. No.) as "any person employed by a court to record testimony or other spoken material, whether

---

[2] Section 503(b) provides, "A judicial agency shall designate an appeals officer to hear appeals under Chapter 11." 65 P.S. §67.503(b).

2

by machine or manual shorthand, electronic recording or other means." Pa.R.J.A. No. 5000.2.[3] The trial court stated that only financial records of a judicial agency are subject to the RTKL. *See* Section 304 of the RTKL, 65 P.S. §67.304.[4] The trial court then cited to the following definition of financial record under section 102 of the RTKL:

> Any of the following:
>
> (1) Any account, voucher or contract dealing with:
>
>> (i) the receipt or disbursement of funds by an agency; or
>>
>> (ii) an agency's acquisition, use or disposal of services, supplies, materials, equipment or property.
>
> (2) The salary or other payments or expenses paid to an officer or employee of an agency, including the name and title of the officer or employee.

---

[3] By order of the Supreme Court dated August 12, 2016, Pa.R.J.A. Nos. 5000.1 to 5000.13 were rescinded, effective July 1, 2017, for the First Judicial District, *i.e.*, the trial court. A court reporter is currently defined under Pa.R.J.A. No. 4002 as "an individual employed, contracted or utilized by a court to record testimony whether through use of a stenotype machine, stenomask equipment, written symbols, or otherwise."

[4] Section 304(a)-(b) of the RTKL provides as follows:

(a) Requirement.— A judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records.

(b) Prohibition.— A judicial agency may not deny a requester access to a financial record due to the intended use of the financial record by the requester.

65 P.S. §67.304(a)-(b).

(3) A financial audit report. The term does not include work papers underlying an audit.

65 P.S. §67.102.

The trial court, citing *Court of Common Pleas of Lackawanna County v. Pennsylvania Office of Open Records*, 2 A.3d 810 (Pa. Cmwlth. 2010), noted that "where there was no allegation that the requested records were financial records, any record produced by a judicial employee was a record of a judicial agency, and the only consideration was whether the producer of said record was a judicial employee to decide the case." (Trial court op. at 6.) Because the transcripts sought here by Requester were made by a court reporter, an employee of a judicial agency, and did not constitute financial records, the trial court concluded that the requested transcripts were not subject to disclosure under the RTKL and the OOR erred in concluding otherwise.

On appeal,[5] Requester argues that the trial court erred as a matter of law in reversing the OOR's final determination because the requested transcripts were in the possession of the DA, a local agency. We disagree.

The RTKL requires agencies to disclose public records and provides that "a record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record." Section 305(a) of the RTKL, 65 P.S. §67.305(a). However, this presumption does not apply if the record is exempt under section 708, the record is protected by a privilege, or the record is exempt from disclosure under any other federal or state law or regulation or judicial order or decree. *Id.* As noted above, section 304 of the RTKL limits the records judicial agencies must disclose to financial records. A judicial agency is defined in section 102 of the RTKL as "[a]

---

[5] Our standard of review "is whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Our scope of review is plenary." *Silver v. Borough of Wilkinsburg*, 58 A.3d 125, 127 n.2 (Pa. Cmwlth. 2012).

4

court of the Commonwealth or any other entity or office of the unified judicial system." 65 P.S. §67.102.

At the time the request was made in this case, the definition of "court reporter" under Pa.R.J.A. No. 5000.2 included "any person employed by a court to record testimony or other spoken material," thereby rendering a court reporter an employee of a judicial agency. In addition, Pa.R.J.A. No. 4015 addresses ownership of notes, and provides as follows:

> Notes of testimony of court proceedings, stenographic notes, tapes, rough draft transcripts or other media used by court reporting personnel to record or monitor a proceeding in or for a court as well as any transcriptions thereof are the exclusive property of the judicial district.

Further, there was no allegation that the records requested in this case, *i.e.*, the transcripts of proceeding before a judge of the trial court, constituted financial records under section 102 of the RTKL. Thus, we agree with the trial court that the requested transcripts were not subject to disclosure under the RTKL.

Moreover, contrary to Requester's argument, the trial court's reliance on *Court of Common Pleas of Lackawanna County* was not misplaced. In that case, two individuals had filed a RTKL request with Lackawanna County seeking inappropriate emails from or to any email accounts used by a specific Lackawanna County employee. Lackawanna County denied the request and one of the requesters filed an appeal with the OOR. Before the OOR, the District Court Administrator for the Lackawanna County Court of Common Pleas filed an affidavit stating that the individual whose emails were sought was a court employee, that the emails were records of the judiciary, and that the RTKL was inapplicable. Nevertheless, the OOR granted the requester's appeal and directed Lackawanna County to release the records. The OOR reasoned that the individual was supervised by the judiciary but paid by Lackawanna County

5

and, therefore, was a county employee. Even if he was a judiciary employee, the OOR noted that the individual's emails were county records because the county had access to, and control over, the emails because it provided the court with its computer system.

Lackawanna County did not appeal the OOR's final determination. Instead, the Administrative Office of Pennsylvania Courts (AOPC) filed a declaratory judgment action in this Court's original jurisdiction seeking a declaration that the OOR does not have jurisdiction to force Lackawanna County to release information, documents, or materials that pertain to court employees or court documents stored on county-provided equipment. The AOPC also sought a declaration that the OOR lacks jurisdiction over requests seeking such information, documents, or materials. Shortly thereafter, the AOPC filed a motion for summary relief alleging that the individual was a court-supervised employee, regardless of the fact that he was paid by Lackawanna County, and that his emails constituted judicial records not subject to disclosure under the RTKL. The AOPC also alleged that the OOR's final determination violated the separation of powers doctrine because it had no jurisdiction over court documents.

This Court ultimately granted the AOPC's motion for summary relief. We concluded that the individual in question, who was director of the Lackawanna County Office of Domestic Relations, was an employee of the Lackawanna County Court of Common Pleas and, thus, an administrative staff employee of the unified judicial system. As such, his records were records of a judicial agency and not subject to the jurisdiction of the OOR. We noted that the fact that the county had access to the individual's emails because it provided the court with its computer system was irrelevant. We explained that,

> Just because the County provides logistic support to the courts does not mean that every record stored on what the County provides as part of its function to support the court

6

> makes it a County record -- those records always remain the records of the court. Otherwise, every record ever generated by a County court, including the draft opinions and law clerk memorandums, would be accessible through the RTKL simply by submitting the request to the County instead, an absurd result that would make Section 304 of the RTKL meaningless.

*Id.* at 813. Further, we described the OOR's final determination as constituting "a blatant and unconstitutional violation of the separation of powers doctrine." *Id.* We noted that "no administrative agency may exercise control over the records generated by personnel of a judicial agency." *Id.* at 814.

Similarly here, the fact that the DA may be in possession of the requested transcripts does not transform the nature of these records as records from a judicial agency. Indeed, we recently reached a similar conclusion in *Philadelphia District Attorney's Office v. Stover*, 176 A.3d 1024 (Pa. Cmwlth. 2017). In that case, an inmate had requested from the DA certain court documents relating to his conviction, including the conviction order, sentencing order, and commitment form. The DA denied the request on the basis that such documents constituted judicial records and were not subject to disclosure under the RTKL. The inmate appealed to the OOR, which granted the appeal and directed the DA to turn over the requested documents. The DA appealed to the trial court, which affirmed.

On appeal, this Court reversed, concluding that the requested documents constituted non-financial records of a judicial agency. We stressed that "unlike records of Commonwealth or local agencies, where *all* records in their possession are presumed public, only 'financial records' of judicial agencies are accessible through the RTKL." *Id.* at 1028. We held that the fact that the DA may possess, or readily obtain, copies of the types of records that the inmate requested, "in no way transforms the record of a judicial agency into a record of a local agency." *Id.* at 1029. We stated that, to

7

conclude otherwise, "every record ever generated by a County court [of common pleas], including the draft opinions and law clerk memorandums, would be accessible through the RTKL simply by submitting the request to the County instead, an absurd result that would make [s]ection 304 of the RTKL meaningless." *Id.* (citing *Court of Common Pleas of Lackawanna County*, 2 A.3d at 813).

Because the requested records, *i.e.*, the transcripts, were non-financial judicial records, they are not subject to disclosure under the RTKL. Compliance with the OOR's final determination herein, much like in *Court of Common Pleas of Lackawanna County*, would result in violation of the separation of powers doctrine. Moreover, as the DA noted in his brief, Requester's request for the transcripts under the RTKL amounts to an attempt "to circumvent the [trial court's] authority over judicial records and its longstanding procedures for obtaining them from the court." (Brief of DA at 8.)

Accordingly, the trial court's order is affirmed.[6]

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] We note that Requester may have an alternative remedy available to him. Because Requester is seeking transcripts of open-court proceedings that are no longer available from the court reporter, Requester might not be precluded from seeking an order from a criminal judge compelling the DA to provide him with copies of the requested transcripts.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Magee,                             :
              Appellant             :
                                     :   No. 754 C.D. 2016
              v.                    :
                                       :
Philadelphia District Attorney's         :
Office                                   :

## _ORDER_

AND NOW, this 13th day of September, 2018, the order of the Court of Common Pleas of Philadelphia County, dated March 13, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge