IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Routha Roussaw,                          :
                      Petitioner         :
                                         :
            v.                           :
                                         :
Pennsylvania Department of               :
Corrections,                             :   No. 662 C.D. 2018
                      Respondent         :   Submitted: November 16, 2018

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  January 16, 2019

        Routha Roussaw (Requester), pro se, petitions this Court for review of
the Office of Open Record's (OOR) May 1, 2018 Final Determination denying his
appeal from the Pennsylvania Department of Corrections' (DOC) denial of his Right-
to-Know Law (RTKL)[1] request (Request).  The sole issue before this Court is
whether the OOR properly denied Requester's appeal because the Request was for a
judicial record.  Upon review, we affirm.

        Requester is an inmate at the State Correctional Institution at Dallas.  On
March 10, 2018, Requester filed the Request seeking a copy of his sentencing order
pertaining to case number CP-51-CR-0931421-1989.  On March 20, 2018, DOC
denied the Request on the basis that the requested record is a judicial record not
subject to disclosure under the RTKL.  On April 5, 2018, Requester filed an appeal
with the OOR challenging DOC's denial and stating his grounds for disclosure.  The
OOR invited both parties to supplement the record and directed DOC to notify any

_____

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

third parties of their ability to participate in this appeal pursuant to Section 1101(c) of the RTKL, 65 P.S. § 67.1101(c). On April 12, 2018, DOC submitted a position statement, asserting that the record is a judicial agency record not subject to disclosure under the RTKL. On April 27, 2018, Requester provided a submission, wherein he asserted that DOC should make the sentencing order available. On May 1, 2018, the OOR issued its Final Determination denying Requester's appeal. Requester appealed to this Court.[2]

Initially, "Section 701(a) of the RTKL, 65 P.S. § 67.701(a), provides the general rule of access: 'Unless otherwise provided by law, a **public record** . . . shall be accessible for inspection and duplication in accordance with [the RTKL].'" *Ali v. Phila. City Planning Comm'n*, 125 A.3d 92, 99 (Pa. Cmwlth. 2015) (emphasis added).

> Section 305(a) of the RTKL[3] provides for a presumption that **all records in the possession of a [Commonwealth] agency are public records**. Section 305(a) of the RTKL, however, mirrors the definition of 'public record' in Section 102 of the RTKL,[4] by providing that **the presumption does not apply where the record in question is** either (1) exempt under Section 708 of the RTKL, 65 P.S. § 67.708; (2) exempt under federal or state law, regulation, or **judicial order or decree**; or (3) subject to a privilege.

*Ali*, 125 A.3d at 99 (emphasis added). Further, "[t]he public nature of a record, relating to content, is distinct from public access." *Grine v. Cty. of Ctr.*, 138 A.3d 88, 98 (Pa. Cmwlth. 2016).

---

[2] "Our standard of review 'is whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. Our scope of review is plenary.' *Silver v. Borough of Wilkinsburg*, 58 A.3d 125, 127 n.2 (Pa. Cmwlth. 2012)." *Phila. Dist. Attorney's Office v. Stover*, 176 A.3d 1024, 1026 n.3 (Pa. Cmwlth. 2017).

[3] 65 P.S. § 67.305(a).

[4] 65 P.S. § 67.102.

Requester first argues that DOC's denial of his Request because it is a judicial record ignores his Request because DOC never stated whether it has the requested document and, if it does, why it should not be accessible to Requester. However, only agency records are disclosable under the RTKL, *see Ali*; therefore, it is irrelevant whether DOC has the requested document. *See Grine.* Thus, "[t]he quintessential issue in this case is whether the requested records, namely the [sentencing order] are records 'of' [DOC] (a [Commonwealth] agency) or records 'of' the court of common pleas (a judicial agency). If the records are the former, they are disclosable; if the latter, they are not." *Phila. Dist. Attorney's Office v. Stover*, 176 A.3d 1024, 1028 (Pa. Cmwlth. 2017) (citation omitted).

> This Court has held that a sentencing order is a record 'of' the judiciary and, as such, it is not disclosable under the RTKL. The fact that [DOC] may possess[] - or readily obtain - a copy of the sentencing order in no way transforms the record of a judicial agency into a record of a local agency.

*Id.* at 1028-29 (citations omitted). Here, the requested document "[is] exempt from disclosure under the RTKL as records of a judicial agency." *Id.* at 1030. Accordingly, the OOR properly denied Requester's appeal because he requested a judicial record.

Requester next asserts that his Request is governed by Section 9764 of the Sentencing Code, 42 Pa.C.S. § 9764, and, thus, DOC's inability to produce the requested document "manifest[s] a fatal failure to establish [] DOC's authority to detain [Requester]." Requester Br. at 13.

This Court acknowledges that Section 9764(a) of the Sentencing Code provides, in relevant part:

> Upon commitment of an inmate to the custody of [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a

copy of the court commitment form DC-300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

. . . .

(8) A copy of the sentencing order and any detainers filed against the inmate [of] which the county has notice.

42 Pa.C.S. § 9764(a). Nevertheless, the law is well settled that "an appeal from an OOR order denying [Requester's] request for access to a public record is not the proper forum to challenge . . . his continued incarceration." *Moore v. Office of Open Records*, 992 A.2d 907, 910 (Pa. Cmwlth. 2010). Consequently, this argument is meritless.

For all of the above reasons, the OOR's Final Determination is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Routha Roussaw, : 
              Petitioner : 
               : 
        v. : 
               : 
Pennsylvania Department of : 
Corrections, :   No. 662 C.D. 2018 
          Respondent : 

## O R D E R

AND NOW, this 16th day of January, 2019, the Office of Open Record's May 1, 2018 Final Determination is affirmed.

_____

ANNE E. COVEY, Judge