IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Smith,
               Petitioner

              v.

Berks County Clerk of Courts
(Office of Open Records),
               Respondent

:
:
:
:
:
:
:
:
:
:

No. 1580 C.D. 2023
Submitted: November 7, 2024

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT        FILED: January 17, 2025

Brian Smith (Requester) petitions for review, *pro se*, of the December 19, 2023, final determination of the Office of Open Records (OOR). The OOR dismissed Requester's appeal of the decision of the Berks County Clerk of Courts (Clerk of Courts) to deny his Right-to-Know Law (RTKL)[1] request, stating that it has no jurisdiction over judicial agency appeals. Upon review, we affirm.

On December 4, 2023, Requester submitted a request to the Clerk of Courts under the RTKL, seeking

> the copy of arrest warrant that was issued & returned served by
> MDJ Kim L. Bagenstose MJ-23306-CR-0000216-2013. *Also I
> would like a copy of the complaint #L041281219.

Certified Record (C.R.), OOR Exhibit 1, at 3. On December 8, 2023, the Clerk of Courts mailed Requester the "requested copies." Supplemental Reproduced Record

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

at 1a[2] (S.R.R. __).  The proof of service indicated that the requested records were mailed to Requester at the State Correctional Institution at Frackville (SCI-Frackville), where he was serving his sentence.

On December 18, 2023, Requester filed an appeal with the OOR.  His appeal asserted that the Clerk of Courts "denied or partially denied [his] request for information" because "the agency failed to send [the] respons[e] within 5 business days of receipt of the written request[.]"  C.R., OOR Exhibit 1, at 2.

On December 19, 2023, the OOR issued a final determination dismissing Requester's appeal for lack of jurisdiction.  The final determination explained that the Clerk of Courts is a judicial agency, and the OOR does not have jurisdiction over judicial agencies.  C.R., OOR Exhibit 2, at 2.  Instead, case records are to be requested from a judicial records custodian in accordance with the Unified Judicial System's Public Access Policy.  *Id.*

Requester appealed the OOR's final determination to this Court.[3]  In his appeal, Requester raised nine issues.[4]  In sum, Requester argues that the Clerk of

---

[2] The Court notes that the supplemental reproduced record does not comply with Rule 2173 of the Pennsylvania Rules of Appellate Procedure, requiring that the record be numbered in Arabic figures followed by a small "b."  PA.R.A.P. 2173.  The supplemental reproduced record utilizes a small "a" instead of a "b."  For convenience, we cite to the supplemental reproduced record as paginated by the Clerk of Courts.

[3] In reviewing OOR decisions under the RTKL, this Court is the ultimate factfinder.  Section 1301 of the RTKL, 65 P.S. §67.1301. Accordingly, our standard of review of a final determination of the OOR is *de novo*, requiring no deference to the OOR.  *Bowling v. Office of Open Records*, 75 A.3d 453, 474 (Pa. 2013).  In addition, this Court is "entitled to the broadest scope of review[,]" covering all justiciable issues raised and preserved below.  *Id.* at 477; s*ee also Payne v. Pennsylvania Department of Health*, 240 A.3d 221, 225 n.6 (Pa. Cmwlth. 2020).  This Court may substitute its own findings of fact for those of the OOR.  *West Chester University of Pennsylvania v. Browne*, 71 A.3d 1064, 1067 n.4 (Pa. Cmwlth. 2013).  We have the discretion to conduct a hearing, remand to the OOR, or accept supplemental evidence.  *Id.*

[4] Requester sets forth the following nine issues in the Statement of Questions Involved:

2

Courts failed to provide him with a copy of the requested arrest warrant, which is a public record within the meaning of the RTKL. This means that the Clerk of Courts keeps no such document, and Requester was unlawfully detained without a warrant. Because Requester was not "duly convicted according to the Law," his due process rights have been violated. Requester Brief at 9.

In response, the Clerk of Courts argues that the OOR properly dismissed Requester's appeal for lack of jurisdiction. Section 503(b) of the RTKL provides that disputes involving a "judicial agency," such as the Clerk of Courts,

---

1. Was [Requester] denied access to public documents that he requested See OOR Exhibit 1 Page 003? That was sent to [] "Berks County Clerk of Courts." Which clearly is a public record. Arrest warrants issued & returned served. See: OOR Exhibit 1 Page 003[.]

2. Why would the deputy clerk of the courts file my requests but not send the requested arrest warrants, for the following OTN's SEE: OOR Exhibit 1 Page 003?

3. If no arrest warrant exist[s] that means [Requester] has been unlawfully detained and that Berks County Clerk of Courts Office is liable for the unlawful illegal detention? They are officers of the court correct. See: OOR Exhibit 1 Page 003[.]

4. Why would Berks County Clerk of Courts notify the Solicitor and not give [Requester] the requested documents See: OOR Exhibit 1 Page 003.

5. [Requester] would like to know is it a crime to cover up a crime? "Oh what a tangled web the[y] weave" "when they chose to lie and deceive."

6. Did []Berks County Clerk of Courts truly acted in bad faith? See: OOR Exhibit 1 Page 003.

7. Will [] Berks County be held liable for the bad faith? Under Section 1305(a) for clearly not proving the requested public documents that was ask for no search was done See: OOR Exhibit 1 Page 003?

8. Was [Requester] denied the requested documents in violation of the [RTKL]? See: OOR Exhibit 1 Page 003.

9. Could this Honorable Court give [the Clerk of Courts] a[n] order to produce the said requested documents that [Requester] requested in the "RTKL?" That was never searched for in the first place and under Section 1305(b) subject Berks County Clerk of Courts $500 per day. See: OOR Exhibit 1 Page 003[.]

Requester Brief at 7 (emphasis in original).

must be appealed to an appeals officer designated by that judicial agency. 65 P.S. §67.503(b).

> Section 503 of the RTKL provides as follows:
>
> **(a) Commonwealth agencies and local agencies.--**Except as provided in subsection (d), the Office of Open Records established under section 1310 shall designate an appeals officer under section 1101(a)(2) for all:
>
> > (1) Commonwealth agencies; and
> >
> > (2) local agencies.
>
> **(b) *Judicial agencies.--*** *A judicial agency shall designate an appeals officer to hear appeals under Chapter 11.*
>
> **(c) Legislative agencies.--**
>
> > (1) Except as set forth in paragraph (2), the Legislative Reference Bureau shall designate an appeals officer to hear appeals under Chapter 11 for all legislative agencies.
> >
> > (2) Each of the following shall designate an appeals officer to hear appeals under Chapter 11:
> >
> > > (i) The Senate.
> > >
> > > (ii) The House of Representatives.
>
> **(d) Law enforcement records and Statewide officials.--**
>
> > (1) The Attorney General, State Treasurer and Auditor General shall each designate an appeals officer to hear appeals under Chapter 11.
> >
> > (2) The district attorney of a county shall designate one or more appeals officers to hear appeals under Chapter 11 relating to access to criminal investigative records in possession of a local agency of that county. The appeals officer designated by the district attorney shall determine if the record requested is a criminal investigative record.

65 P.S. §67.503 (emphasis added).

In sum, the RTKL "sets forth separate appeals processes for each branch of government." *Grine v. County of Centre*, 138 A.3d 88, 99 (Pa. Cmwlth. 2016). The OOR designates an appeals officer for state and local agencies in the executive branch. It does not appoint appeals officers for either the judicial or legislative branches. Accordingly, the OOR lacks jurisdiction to hear appeals taken from judicial agency determinations. *Philadelphia District Attorney's Office v. Stover*, 176 A.3d 1024, 1027 (Pa. Cmwlth. 2017).

Here, Requester filed his request with the Clerk of Courts, a judicial agency, and it sent the "requested copies" to him on December 8, 2023. S.R.R. 1a. Believing that the Clerk of Courts has denied or partially denied his request, Requester appealed. That appeal should have been directed to the Clerk of Courts' designated appeals officer under Section 503(b) of the RTKL, 65 P.S. §67.503(b). However, Requester appealed to the OOR. The OOR correctly determined that it did not have jurisdiction over Requester's appeal from the decision of a judicial agency.

Accordingly, we affirm the OOR's December 19, 2023, final determination.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Smith,                        :
             Petitioner          :
                                :
             v.                  :          No. 1580 C.D. 2023
                                :
Berks County Clerk of Courts        :
(Office of Open Records),           :
             Respondent          :

# **O R D E R**

AND NOW, this 17th day of January, 2025, the final determination of the Office of Open Records in the above-captioned matter, dated December 19, 2023, is AFFIRMED.

_____

MARY HANNAH LEAVITT, President Judge Emerita