IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins,                          :
                        Petitioner     :
                                       :
            v.                         :
                                       :
Pennsylvania Office of Attorney        :
General (Office of Open Records),      :    No. 205 C.D. 2025
                        Respondent     :    Submitted: May 12, 2026


OPINION
PER CURIAM                                           FILED: June 26, 2026


Glue Wilkins[1] (Requestor) petitions *pro se* for review of a final determination of the Pennsylvania Office of Open Records (OOR) dated January 23, 2025 (Final Determination), which dismissed Requestor's appeal under the Right-to-Know Law (RTKL)[2] for lack of jurisdiction. Upon review, we affirm.

In December of 2024, Requestor submitted a RTKL request to the Office of Attorney General's (OAG) Office of Open Records seeking "a copy of the memo, form, letter, and/or any other document that confirms the processing/ adjudication of the 'Notice of Appeal' [*Glue Wilkins v. David J. Close*]. . . ." Standard Right-to-Know Law Request Form dated December 27, 2024 (Request) (capitals and internal underlining omitted), Certified Record (C.R.) at 8.[3] The Request identified no docket number for the referenced court case. *See id.* The

---

[1] Glue Wilkins' full name is Allen L. Wilkins, Sr.

[2] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[3] The pages of the Certified Record are not numbered. Therefore, we employ herein the electronic pagination from the scanned .pdf of the Certified Record filed with this Court, beginning with OOR's cover letter dated May 22, 2025.

Request asserted that the requested documents were filed "pursuant to the Commonwealth's Criminal History Record Information Act [(CHRIA)[4]] on 17 Dec[ember] 2023[,]" but did not indicate how CHRIA entitled Requestor to the requested documents. Request, C.R. at 8 (capitals and internal underlining omitted). The OAG provided no response and Requestor appealed to the OOR. *See* "[RTKL] Appeal of Denial, Partial Denial, or Deemed Denial" dated January 13, 2025 (Appeal), C.R. at 7. On January 23, 2025, the OOR dismissed the Appeal for lack of jurisdiction. *See* Final Determination, C.R. at 14. Requestor timely appealed the Final Determination to this Court.[5]

We observe initially that "the OOR, like all other tribunals and courts, is *per se* vested with jurisdiction to initially determine whether it has jurisdiction." *Phila. Dist. Att'y's Off. v. Stover*, 176 A.3d 1024, 1027 (Pa. Cmwlth. 2017). Section 503 of the RTKL provides, in pertinent part:

> **(a) Commonwealth agencies and local agencies.--** Except as provided in subsection (d), the [OOR] established under section 1310 shall designate an appeals officer under section 1101(a)(2) for all:
>
> (1) Commonwealth agencies; and
>
> (2) local agencies.

---

[4] 18 Pa.C.S. §§ 9101-9183.

[5] We review OOR's statutory jurisdiction as a matter of law. *See Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183, 1185 (Pa. Cmwlth. 2015) (citing *Hearst Television, Inc. d/b/a WGAL-TV v. Norris*, 54 A.3d 23, 29 (Pa. 2012)). Accordingly, our review is plenary. *See Dep't of Lab. & Indus. v. Heltzel*, 90 A.3d 823, 828 (Pa. Cmwlth. 2014); *see also Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013).

2

**(b) Judicial agencies.--**A judicial agency shall designate an appeals officer to hear appeals under Chapter 11.

. . .

**(d) Law enforcement records and Statewide officials.—**

(1) The Attorney General, State Treasurer and Auditor General shall each designate an appeals officer to hear appeals under Chapter 11.

(2) The district attorney of a county shall designate one or more appeals officers to hear appeals under Chapter 11 relating to access to criminal investigative records in possession of a local agency of that county. The appeals officer designated by the district attorney shall determine if the record requested is a criminal investigative record.

65 P.S. § 67.503 (footnotes omitted). This Court has explained in reference to judicial agencies:

Unlike the appeal hierarchy for a local agency,[6] which begins with the OOR, then proceeds to a trial court, and eventually progresses to this Court, the RTKL creates an appeal from a judicial agency's appeals officer directly to this Court, conferring upon us jurisdiction over such matters while bypassing the other tribunals.

*Stover*, 176 A.3d at 1027. As with judicial agencies, Section 503(d)(1) of the RTKL confers jurisdiction of RTKL request appeals involving requests to the OAG to an appeals officer designated by the OAG. *See* 65 P.S. § 67.503(b) & (d)(1). Thus, pursuant to the RTKL, the OOR does not have jurisdiction to hear an appeal taken

---

[6] *See* 65 P.S. § 67.503(a).

3

from an OAG determination because the RTKL provides the OAG with its own appeals officer and appeal procedure independent of the OOR. *See* Section 503(d)(1) of the RTKL, 65 P.S. § 67.503(d)(1); *see also Stover*, 176 A.3d at 1027 (noting that the OOR does not have jurisdiction to hear RTKL appeals of a judicial agency determination per Section 503(b) of the RTKL, 65 P.S. § 67.503(b)); *Burda v. Pa. Jud. Conduct Bd.*, 175 A.3d 1138, 1139 (Pa. Cmwlth. 2017) (same).

Here, Requestor sought documents from the OAG, which did not respond, effectuating a deemed denial of the Request. *See* Section 901 of the RTKL, 65 P.S. § 67.901.[7] Requestor then filed the Appeal with the OOR, as opposed to the OAG, which retains jurisdiction over such appeals per Section 503(d)(1) of the RTKL. The OOR dismissed the Appeal for lack of jurisdiction, explaining:

> The OOR lacks jurisdiction. The [OAG] is a Commonwealth agency that is not subject to the jurisdiction of the OOR. *See* 65 P.S. § 67.102; 65 P.S. § 67.503(d)(1). Instead, appeals involving the [OAG] are to be heard by an appeals officer designated by the [OAG].

---

[7] Section 901 of the RTKL provides, in pertinent part:

> Upon receipt of a written request for access to a record, an agency shall make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances existing at the time of the request. . . . The time for response shall not exceed five business days from the date the written request is received by the open-records officer for an agency. If the agency fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied.

65 P.S. § 67.901.

> 65 P.S. § 67.503(d)(1) ("The [OAG] . . . shall designate an appeals officer to hear appeals under Chapter 11").

Final Determination, C.R. at 14 (footnote omitted).[8]

We find no error in the OOR's determination. Pursuant to Section 503(d)(1) of the RTKL, the OAG, not the OOR, retains jurisdiction over appeals related to OAG RTKL request denials. *See* 65 P.S. § 67.503(d)(1). Requestor provides no argument to the contrary.[9] Accordingly, the OOR correctly determined that it lacked jurisdiction and properly dismissed the Appeal.

---

[8] We observe that, in the omitted footnote, the OOR noted that it lacks jurisdiction under CHRIA, and instead hears appeals filed pursuant to the RTKL. *See* Final Determination, n.1, C.R. at 14.

[9] To the extent his arguments are discernable, Requestor's brief does not address the jurisdictional question presented in this appeal, but instead challenges the legality of his underlying criminal sentence. *See generally* Requestor's Br. Further, we observe that the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 (PCRA), not the RTKL, provides the sole means for obtaining collateral review of a criminal conviction. *See* 42 Pa.C.S. § 9542; *Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (noting that the PCRA is the sole means to collaterally attack a criminal conviction).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins, : 
                    Petitioner : 
                           : 
          v. : 
                           : 
Pennsylvania Office of Attorney : 
General (Office of Open Records), :   No. 205 C.D. 2025 
                 Respondent : 

PER CURIAM

# **O R D E R**

AND NOW, this 26th day of June, 2026, the January 23, 2025 Final Determination of the Pennsylvania Office of Open Records is AFFIRMED.